

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

Hon. Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Opinion No. O-4629
Re:  Elections - State Rep-
resentatives - Filing for
places on ballot

Dear Sir:

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Art. 3112, R.C.S., of Texas, provides that:
'Any person desiring his name to appear on the
official ballot as a candidate for the nomination
for ***** judicial districts composed of more
than one county, shall file ***** with the chair-
man of each county composing such district, not
later than the first Monday in June preceding the
general primary. ****'

"The 17th District is composed of Galveston
and Chambers counties.

"Within the time required by the statute, a
qualified citizen of this county filed with the
chairman of the county Executive Committee of this
county, his application for his name to be put
on the official ballot as a candidate for nomina-
tion as representative from this district to the
State Legislature. He paid the required fee; but,
it now develops that he did not file his applica-
tion with the chairman of the Executive Committee
in Chambers County within the time required by law.

"At the request of the chairman of the Gal-
veston County Executive Committee, I examined Art.
3112, R.C. S., and advised him that the Galveston
County Executive Committee would not be authorized
to place the name of the applicant on the Galves-
ton County ballot, for the reason that he had not
fully qualified, in that he had not made applica-
tion within the time required by law with the chair-
man of the Chambers County Executive Committee.

"The person who filed his application with the
chairman of this county was present at a meeting
of the Galveston County Executive Committee the oth-
er night and he so strenuously insisted that we

were all wrong in the construction of the Stat-
ute, that the Committee, by resolution duly
adopted, requested that I submit the question to
you for your opinion, as to whether, under the
facts stated, the person who filed his applica-
tion in due time with the Galveston County Execu-
tive Committee is entitled for his name to be on
the Galveston County ballot, although he did not
file within the required time with the chairman
in Chambers County.

"The question seems so plain, because, if
his name is permitted on the Galveston County bal-
lot used in the primary next July, then the peo-
ple of Chambers County, this person's name not
appearing on the ballot for Chambers County, will
not have had an opportunity to vote their choice
for representative of the 17th flatorial district,
composed of Galveston and Chambers counties, in
the event of his nomination.

"In as much as the time is short, until the
Committee meets to assess the candidates and draw
names for positions on the ballot, will you kindly
telegraph me, collect, briefly, if the conclusions
herein stated are correct; and this for the bene-
fit of the Galveston County Executive Committee.
Although I may be mistaken, which I seriously doubt,
I think the conclusion herein is the correct con-
struction of the portion of the statute herein
quoted."

Article 3112, Vernon's Annotated Texas Civil Statutes,
reads as follows:

"Any person desiring his name to appear on the
official ballot as a candidate for the nomination
for chief justice or associate justice of the Court
of Civil Appeals, or for representative in Congress,
or for State Senator, or for representative. or dis-
trict judge or district attorney in representative
or judicial districts composed of more than one coun-
ty, shall file with the chairman of the executive
committee of the party for the district, said request
with reference to a candidate for a State nomination,
or if there be no chairman of such district execu-
tive committee, then with the chairman of each county
composing such district, not later than the first
Monday in June preceding the general primary. Such

requests may likewise be filed not later than
said date by any twenty-five qualified voters
resident within such district, signed and duly
acknowledge. Immediately after said date each
such district chairman shall certify the names
of all persons for whom such requests have been
filed to the county chairman of each county com-
posing such district."

Under the facts stated the prospective candidate did
not file his application with the chairman of the district
executive committee, if there was one and we assume from your
letter there was none, and he filed with the county chairman
of only one of the two counties in the district. The provi-
sion of Article 3112 requires the candidate to file with the
county chairman of each county in the district only for the
purpose of securing the right to have his name on the ballot
in each county. It is our opinion that his failure to file
with the county chairman of Chambers County deprives him only
of the right of appearing on the ballot in that county, but
does not affect his right to have his name on the ballot in
Galveston County.

It is our opinion that the conclusion reached by you
is not correct.

Very truly yours

APPROVED: JUN 13, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

WJF:GO:wb

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning, Assistant